UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| WESLEY PRYOR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:20-cv-00014-SKL |
| ) | |
| COFFEE COUNTY, TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 with related state law tort claims. Plaintiffs Wesley Pryor ("Wesley") and Suzanne Drivas Pryor ("Suzanne," and collectively, "Plaintiffs"[1]) assert claims against Defendants Coffee County, Tennessee (the "County" or "Coffee County"); Deputy Michael Sharpe; Sergeant Dustan Foster; and Sheriff Chad Partin (collectively, "Defendants"). Currently before the Court is Defendants' motion in limine [Doc. 61], which is accompanied by a supporting brief [Doc. 62].[2] Plaintiffs filed a response in opposition [Doc. 65], and Defendants filed a reply [Doc. 69]. This matter is now ripe. Neither party requested a hearing, and the Court has determined a hearing is not necessary.

**I.  ANALYSIS**

The Court presumes familiarity with the facts of this case, which are set forth in detail in the Court's recently-issued memorandum and order on Defendants' motion for summary judgment

---

[1] Because there are a number of members of the Pryor family referenced in this Memorandum and Order, the Court will primarily use their first names.

[2] The Court will address Plaintiffs' motion in limine [Doc. 59] in due course.

[Doc. 64]. The Court dismissed Plaintiffs' federal and state law counts related to unreasonable seizure/false arrest, civil conspiracy, and municipal liability [Doc. 64 at Page ID # 871-72]. A number of claims remain viable, including those for excessive force and failure to intervene, among others.

Defendants included eleven in limine requests in their opening motion [Doc. 61]. The parties were able to reach an agreement on eight [*see* Doc. 65 at Page ID # 873], and the Court will therefore deny those eight requests as moot. Defendants' in limine request No. 6, No. 7, and No. 8 remain in dispute.

      A.      **In Limine Request No. 6 – Exclude Subsequent Remedial Measures**

In their sixth in limine request, Defendants ask the Court to exclude "any reference by documents, testimony or prior testimony regarding subsequent remedial measures," pursuant to Federal Rule of Evidence 407 [Doc. 62 at Page ID # 793]. They anticipate Plaintiffs "will attempt to elicit testimony at trial from Sheriff Partin and other witnesses about changes or improvements the Coffee County Sheriff's Department has made following the Pryor incident." [*Id.* at Page ID # 793-94].

Federal Rule of Evidence 407 provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
>     • negligence;
>
>     • culpable conduct;
>
>     • a defect in a product or its design; or
>
>     • a need for a warning or instruction.

> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

The rule plainly allows admission of subsequent remedial measures for certain purposes, rendering this request overbroad as written. Rather than excluding such a broad category of evidence, the Court will deal with questions of admissibility as they arise. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility as they arise.").

Defendants do identify one particular exchange from Sheriff Partin's deposition in which he was asked about how "use of force reports" were used at the time of the Pryor incident versus when the deposition was taken:

> Q. Okay. Are you covering that differently now?
>
> A. We're trying. It's an educational process.
>
> Q. Okay.
>
> A. You know, it's an ongoing process.

[Doc. 62 at Page ID # 794]. Defendants explain in their reply that Sheriff Partin "says that he is now (post incident) training his officers to not only fill out an incident report, but also fill out a use of force report." [Doc. 69 at Page ID # 893].

The Court will reserve ruling on this particular in limine request. For one, it is not totally clear this is proof of a subsequent remedial measure. The testimony provided does not, for example, reveal that the reports were introduced as a way of reducing the use of force during arrests, or that the introduction of the reports even had that effect. Even if it is proof of a subsequent remedial measure, it may very well be admissible if Plaintiffs identify a "permissible

purpose" for its introduction. *See Nolan v. Memphis City School*, 589 F.3d 257, 274 (6th Cir. 2009) (affirming exclusion of subsequent remedial measure where the plaintiffs failed to assert a "permissible purpose for introducing the testimony"). While Plaintiffs did not identify a permissible purpose in their response, they reasonably explain that they "are unsure how the testimony of Sheriff Partin or others will unfold at trial." [Doc. 65 at Page ID # 873-74].

Accordingly, Defendants' sixth in limine request is **HELD IN ABEYANCE**. If at trial Plaintiffs wish to introduce proof of subsequent remedial measures or the identified testimony of Sheriff Partin—including proof regarding the introduction of use of force reports—Plaintiffs are **ORDERED** to first raise the issue outside the presence of the jury.

### B. In Limine Request No. 7 – Lay Testimony

In their seventh in limine request, Defendants ask the Court to "preclude Plaintiffs[] from arguing or eliciting improper lay testimony from Defendants." [Doc. 62 at Page ID # 794]. Defendants are specifically referring to testimony or other proof about whether Sergeant Foster and Deputy Sharpe "should have known of Pryor's pre-existing medical conditions," and "how the force used could have and did cause harm to a person with a particular condition." [*Id.*].

Defendants "do not contest that Wesley Pryor and other witnesses can testify about what they told the officers regarding Wesley's previous surgeries or limitations at the time of the incident." [Doc. 69 at Page ID # 893]. Such proof may be relevant to Plaintiffs' claims, including those for excessive force. *See Jones v. Garcia*, 345 F. App'x 987, 990 (6th Cir. 2009) (plaintiff's assertion that he warned officers of his pre-existing injury is a proper consideration when determining whether use of force was "objectively unreasonable" under the Fourth Amendment).

Defendants quote an exchange from Sergeant Foster's deposition, wherein he is asked whether an unspecified "physical use of force," reasonably could have aggravated Wesley's

4

unspecified "pre-existing medical conditions." [Doc. 62 at Page ID # 794]. The Court finds this vaguely-worded question is improper and calls for speculation.

Lay witnesses may testify about matters that are rationally based on their perception; are helpful to clearly understanding their testimony or to determining a fact in issue; and are not based on scientific, technical, or specialized knowledge. Fed. R. Evid. 701. This would include observations of Wesley's injuries, provided such observations are within the realm of common knowledge. *Tankesly v. Orton*, No. 3:14-C-911, 2018 WL 4953231, at *5 (M.D. Tenn. Oct. 11, 2018) (citing cases). Whether Sergeant Foster reasonably should have known that a person with Wesley's surgical history would have trouble moving his arm to allow himself to be handcuffed does not appear to be a proper lay observation, at least not on the current record. Moreover, Plaintiffs may not ask Sergeant Foster to speculate about the cause and extent of Plaintiff's injuries. *See Jama v. City of Memphis*, No. 03-2965, 2006 WL 5499283, at *3 (W.D. Tenn. Dec. 29, 2006) (granting motion in limine to preclude plaintiff from giving lay testimony about the cause of his injuries). However, a lay witness can be asked about their observation of obvious signs of pain during a physical altercation.

In short, the Court cannot resolve this in limine request on the current record, and so it is **HELD IN ABEYANCE**. Should Plaintiffs veer into potential expert-witness territory while questioning lay witnesses at trial, Defendants may object, and Plaintiffs should be prepared to explain how the testimony is rationally based on the witness's perception outside the presence of the jury. Plaintiffs may not use the above-referenced deposition testimony without first raising the issue outside the presence of the jury.

    **C.**    **In Limine Request No. 8 – Failure to Provide Medical Care Claim**

In their eighth in limine request, Defendants ask the Court to exclude "Argument, Claim or Evidence of Failure to Provide Medical Care." [Doc. 62 at Page ID # 795]. They contend Plaintiffs failed to state a claim for failure to provide medical care in their amended complaint [Doc. 19]. They also contend Wesley did not have an "obvious serious medical condition injury" at any point during his encounter with the police, and furthermore, because Wesley received treatment shortly after Sheriff Partin dropped him off, Plaintiffs have "not developed any proof to establish any injury or even detrimental effect this extremely short delay in treatment caused him." [Doc. 62 at Page ID # 795].

The amended complaint clearly alleges that Wesley requested medical help and Defendants refused:

> 23. Plaintiff Wesley Pryor informed Defendant Deputy Sharpe and Defendant Sergeant Foster multiple times throughout their encounter that he was injured, continued to be injured, needed medical treatment, and that Defendant Sharpe and Defendant Foster exacerbated his pre-existing injuries.
>
> 33. At the outset of this meeting in the Defendant County's Sheriff's Office where he had been transported in a marked patrol car while handcuffed against his will without probable cause or reasonable suspicion to believe he committed any crime, Plaintiff Wesley Pryor informed the Defendants he needed to be treated at the emergency room. Defendant Sheriff Partin responded, "you are not under arrest. I do not have to provide you with medical assistance."

[Doc. 19 at Page ID # 99, 101-02]. Plaintiffs then assert, under the heading for Count III – Unlawful Seizure and False Arrest:

> 87. After his sworn deputy and supervisor sergeant had beaten Plaintiff Wesley Pryor unreasonably and senselessly, without justification, Defendant Sheriff Partin, dawning his cowboy hat, looked down at Plaintiff Wesley Pryor, who was crying for medical help, and stated "you are not under arrest. We do not have to provide you with medical assistance."

> . . . .
>
> 91.     As a result of the unconstitutional seizure/detention and/or arrest, Plaintiff Pryor was inexcusably and severely injured, handcuffed, bleeding, and openly and obviously requesting medical care, to which the seizing Defendants denied.

[*Id.* at Page ID # 110-11]. Under the heading for Count IV – Substantive Due Process, Plaintiffs assert:

> 96.     At all times material hereto, the Defendants had no right to use the force employed when arresting, seizing, detaining, transporting, and conversing with Plaintiff Pryor without reasonable suspicion or probable cause. The conduct by the Defendants was unconstitutional and violated Plaintiff Wesley Pryor's clearly established Substantive Due Process rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

[*Id.* at Page ID # 112]. Under "Jurisdiction and Venue," Plaintiffs state, "This action is brought against the Defendants in part pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution." [*Id.* at Page ID # 95, § 1].

The Court finds the amended complaint gave sufficient notice to Defendants that Plaintiffs intended to assert a claim regarding Defendants' alleged denial of medical care, even if Plaintiffs failed to clearly identify a proper legal basis for the claim in their complaint.[3] "The Federal Rules of Civil Procedure simply do not require any magic words or recitations to be made in a complaint: 'The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters.'" *Knapp v. City of Columbus*, 93 F.

---

[3] The Court acknowledges Count III was dismissed in the Court's recent ruling on Defendants' motion for summary judgment. The determination that Plaintiffs have stated a claim for denial of medical care does not change the Court's determination that Defendants were entitled to qualified immunity on summary judgment for the unlawful seizure and false arrest claims asserted in Count III.

7

App'x 718, 720 (6th Cir. 2004) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988)); *see also Golf Village N. LLC v. City of Powell*, 826 F. App'x 426, 431-32 (6th Cir. 2020). "The court's duty is to look to the facts and grant the necessary relief as justice requires—not to demand that certain citations or phrases are used." *Knapp*, 93 F. App'x at 720 (noting the plaintiffs cited the correct statute in their jurisdictional statement if not in the body of the complaint).

In their response to Defendants' motion for summary judgment, Plaintiffs pointed out that they made the inadequate medical care allegations and further that issues related to such a claim were "discussed at length in the depositions of all Parties." [Doc. 50 at Page # 645]. Defendants did not dispute that the factual record was developed as to the pertinent issues regarding this claim [*see* Doc. 55]. Defendants now claim that Plaintiffs "did not develop . . . proof indicative of, let alone necessary to, establishing the elements of this claim." [Doc. 69 at Page ID # 897; *see also* Doc. 62 at Page ID # 795 (arguing Wesley did not present with a serious medical condition, and that Plaintiffs have not "developed any proof" to show injury caused by any delay in Wesley receiving treatment)]. However, Defendants are citing to elements of a Fourteenth Amendment deliberate indifference claim. As explained below, the parties have not adequately addressed whether the Fourth or Fourteenth Amendment applies.

Specifically, the parties have not adequately addressed whether Wesley became a "pretrial detainee" once he was arrested, rather than "akin to a free person." *Esch v. Cnty. of Kent*, 699 F. App'x 509, 514 (6th Cir. 2017) (affirming dismissal of inadequate medical care claim; considering issue of whether plaintiff was a free person or a pretrial detainee but declining to resolve). Nor have they addressed whether the Fourteenth Amendment or the Fourth Amendment applies to a person detained following a warrantless arrest prior to a probable cause hearing, or if Wesley's status may have changed over time. *See Aldini v. Johnson*, 609 F.3d 858, 867 (6th Cir. 2010); *see*

also *Guy v. Metro. Gov't of Nashville & Davidson Cnty.*, 687 F. App'x 471 (6th Cir. 2017). Defendants cite a number of cases applying the Fourteenth Amendment, but most of them involve plaintiffs who are clearly pretrial detainees or prisoners, and none of the cases address the issue of whether the Fourth or Fourteenth Amendment applied.

The Sixth Circuit has "never squarely decided whether the Fourth Amendment's objective reasonableness standard can ever apply to a plaintiff's claims for inadequate medical treatment." *Esch*, 699 F. App'x at 514 (citing cases). It has, however, "implied in *dicta* that inadequate medical treatment claims are just as cognizable under the Fourth Amendment as excessive force claims." *Id.* In *Esch*, the court explained how Fourth Amendment denial of medical care claims should be analyzed:

> [I]n inadequate medical care cases,
>
>> Four factors inform our determination of whether an [official's] response to [a plaintiff's] medical needs was objectively unreasonable: (1) whether the officer has notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns. [The plaintiff] must also show that the defendants' conduct caused the harm of which she complains. [T]he severity of the medical condition under this standard need not, on its own, rise to the level of objective seriousness required under the Eighth and Fourteenth Amendments. Instead, the Fourth Amendment's reasonableness analysis operates on a sliding scale, balancing the seriousness of the medical need with the third factor—the scope of the requested treatment.
>
> *Ortiz v. City of Chicago*, 656 F.3d 523, 530–31 (7th Cir. 2011). In performing this inquiry, we must review "the totality of the circumstances, analyzing the facts 'from the perspective of a reasonable [official in Defendants' position], rather than with the 20/20 vision of hindsight.'" *Darrah v. City of Oak Park*, 255 F.3d

9

301, 307 (6th Cir. 2001) (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865).

*Esch*, 699 F. App'x at 515 (quotation marks and citations omitted from block quote; alterations in original); *see also Rossell v. Armstrong*, No. 2:14-cv-02737, 2019 WL 1799063, at *5 (W.D. Tenn. Apr. 13, 2018); *Boone v. Spurgess*, 385 F.3d 923, 933-35 (6th Cir. 2004) (discussing Fourth vs. Fourteenth Amendment denial of medical care standards). By contrast, in Fourteenth Amendment denial of medical care claims, Plaintiffs must establish an "objectively serious medical need," among other elements. *See Brawner v. Scott Cnty.*, 14 F. 4th 585, 597 (6th Cir. 2021).

There may yet be other factual and legal issues regarding exactly when Wesley was released and when he sought medical care. Suffice it to say, the Court will not preclude Plaintiffs from advancing their denial of medical care claim and relevant supporting proof thereof at trial on the current record. Accordingly, Defendants' eighth in limine request will be **DENIED**.

## II. CONCLUSION

For the reasons stated above, Defendants' motion in limine [Doc. 61] is **HELD IN ABEYANCE IN PART AND DENIED IN PART** as set forth herein.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*<br>
SUSAN K. LEE<br>
UNITED STATES MAGISTRATE JUDGE