UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| WESLEY PRYOR and SUZANNE DRIVAS PRYOR, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:20-cv-00014-SKL |
| CHAD PARTIN, DUSTAN FOSTER, and MICHAEL SHARPE, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court are the parties' pretrial briefs concerning the applicable standard to be applied to Plaintiffs' 42 U.S.C. § 1983 claims for denial of medical treatment [Doc. 76 (Plaintiffs') & Doc. 77 (Defendants')]. At the final pretrial conference, the parties were given a deadline to file any responses by February 8. Neither side filed a response and the time for doing so has passed.

Fourteenth Amendment denial of medical care claims are analyzed pursuant to a modified deliberate-indifference standard. *See Brawner v. Scott Cnty.*, 14 F. 4th 585 (6th Cir. 2021). Part of this standard requires a plaintiff to show that the medical need at issue is "sufficiently serious." *Id.* at 591 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The standard also requires a plaintiff to prove that the defendant deliberately (not accidentally) took action (or chose not to take action), and either intentionally ignored the plaintiff's serious medical need, or "recklessly failed to act reasonably to mitigate the serious medical need." *Id.* at 597. Defendants contend this standard applies.

Fourth Amendment claims, by contrast, are analyzed under an "objective reasonableness" standard. *Esch v. Cnty. of Kent*, 699 F. App'x 509, 513 (6th Cir. 2017) (citing *Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010)). Applying this standard, courts consider four factors when determining whether a defendant's response to a plaintiffs' medical needs was reasonable:

> (1) whether the officer has notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns. The plaintiff must also show that the defendants' conduct caused the harm of which she complains. The severity of the medical condition under this standard need not, on its own, rise to the level of objective seriousness required under the Eighth and Fourteenth Amendments. Instead, the Fourth Amendment's reasonableness analysis operates on a sliding scale, balancing the seriousness of the medical need with the third factor—the scope of the requested treatment.

*Id.* at 515 (quoting *Ortiz v. City of Chicago*, 656 F.3d 523, 530-31 (7th Cir. 2011)) (cleaned up). "The Fourth Amendment objective reasonableness test is an 'easier standard for [a] plaintiff to meet' than the Fourteenth Amendment deliberate indifference test." *Id.* at 514 (quoting *Smith v. Erie Cnty. Sheriff's Dep't*, 603 F. App'x 414, 419 (6th Cir. 2015)).

In the context of excessive force claims, the Sixth Circuit has held that which constitutional amendment applies "depends on the status of the plaintiff at the time of the incident, whether free citizen, convicted prisoner, or something in between." *Id.* (quotation marks and citation omitted). If the plaintiff was a convicted prisoner, the Eighth Amendment deliberate indifference standard would apply; and if the plaintiff was a "pretrial detainee who had a probable cause hearing," then the Fourteenth Amendment modified deliberate indifference standard would apply. *Id.* "But if the plaintiff was a free person, and the use of force occurred in the course of an arrest or other seizure, then the plaintiff's claim arises under the Fourth Amendment and its reasonableness standard." *Id.* (quoting *Lanman v. Hinson*, 529 F.3d 673, 679-80 (6th Cir. 2008)).

2

Plaintiff Wesley Pryor was not booked, and certainly did not have a probable cause hearing. He was, at most, an arrestee. Accordingly, the analysis would be clearer if his claims were limited to those for excessive force. However, he has also asserted claims for denial of medical care.

Defendants cite three cases to support their argument that the Fourteenth Amendment standard applies to Plaintiffs' claims for denial of medical care, *Frazier v. Ramsey*, No. 2:03-CV-265, 2006 WL 2981217 (E.D. Tenn. Oct. 16, 2006); *Owensby v. City of Cincinnati*, 414 F.3d 596 (6th Cir. 2005); and *Ewolski v. City of Brunswick*, 287 F.3d 492 (6th Cir. 2002). *Ewolski* involved a due process claim by a woman whose husband shot and killed their son during a police stand-off, and therefore the Fourth Amendment did not apply because the woman and her son were not "seized." *See Ewolski*, 287 F.3d at 507. *Frazier* and *Owensby* involved "arrestees" who, like Plaintiff Wesley Pryor, were not arrested pursuant to a judicially-approved warrant and who remained in the custody of the arresting officers, and in each case, the court applied Fourteenth Amendment standards. However, neither of those decisions addressed whether the Fourth Amendment could have applied.

As discussed in *Esch*, the Sixth Circuit has "never squarely decided whether the Fourth Amendment's objective reasonableness standard can ever apply to a plaintiff's claims for inadequate medical treatment." 699 F. App'x at 514. In *Esch*, the court emphasized that it has "implied in *dicta* that inadequate medical treatment claims are just as cognizable under the Fourth Amendment as excessive force claims." *Id.* at 515 (citing *Boone v. Spurgess*, 385 F.3d 923, 934 (6th Cir. 2004)). In *Boone*, the Sixth Circuit held:

> *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), holds that a specific constitutional guarantee—that all seizures be reasonable—trumps a more general guarantee—that all government action conform with substantive due process. In this circuit, a "seizure" under the Fourth Amendment continues at least "throughout the time the person remains in the custody of the arresting officers." *Johnson v. City of Cincinnati*, 310 F.3d 484, 492

3

(6th Cir.2002). An allegation by Boone that Moyer had used excessive force against him after his arrest would therefore be a Fourth Amendment question: was the continuing seizure of Boone reasonable?

**A seizure can be "unreasonable" for any number of reasons, and the guarantee of reasonableness in the manner of a seizure does not seem to allow for a distinction between a claim that an officer used excessive force and a claim that the same officer denied medical care to a detainee**. In *Graham* itself, the excessive force claim was partially based on the officers' refusal to provide medical care to a handcuffed suspect suffering from a diabetic attack. *Id.* at 389–90, 109 S. Ct. 1865. At least one circuit has therefore applied the Fourth Amendment's guarantee of "reasonable" seizures to a claim that police failed to provide adequate medical care to a suspect in their custody. *See Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 595–96 (7th Cir.1997). *But see Barrie v. Grand County*, 119 F.3d 862, 865–69 (10th Cir. 1997).

None of our prior cases speak directly to this issue, although we have in the past used the Fourteenth Amendment even where the suspect was still technically "seized" under the continuing seizure doctrine, without noting the conflict. *See, e.g., Weaver*, 340 F.3d at 410; *Lily v. Watkins*, 273 F.3d 682, 685–86 (6th Cir. 2001). . . .

**Ultimately, there seems to be no logical distinction between excessive force claims and denial of medical care claims when determining the applicability of the Fourth Amendment.** Because we conclude that under either standard, Boone has not made out a claim, we do not decide this issue, but instead reserve it for a more appropriate case.

385 F.3d 923, 933 (6th Cir. 2004) (emphasis added) (some citations omitted) (broken into smaller paragraphs for readability).

In *Bonner-Turner v. City of Ecorse*, No. 12-10487, 2014 WL 3361716, at *2-3 (E.D. Mich. June 25, 2014), the district court expressly held the Fourth Amendment did not apply to an arrestee's claim for denial of medical care. On appeal, the Sixth Circuit declined to adopt that ruling, instead finding that "because plaintiff survives summary judgment under the more demanding deliberate indifference standard, we do not resolve which standard governs." *Bonner-*

4

*Turner v. City of Ecorse*, 627 F. App'x 400, 406 n.2 (6th Cir. 2015). The Sixth Circuit has favorably quoted *Esch*'s description of the Fourth Amendment denial of medical care claim, albeit in another unpublished case. *Henry v. City of Flint*, 814 F. App'x 973, 984 n.7 (6th Cir. 2020).

While the Court finds the reasoning in *Boone* potentially predictive of what the Sixth Circuit might do when squarely presented with an opportunity the decide the issue, neither the parties nor the Court were able to identify any binding authority expressly acknowledging an arrestee's right to medical care under the Fourth Amendment. Instead, the Sixth Circuit has either applied the Fourteenth Amendment or found that an arrestee's claim fails under both the Fourth and the Fourteenth. Moreover, Plaintiffs failed to file a response to refute Defendants' dicta and stare decisis arguments. Accordingly, even if Plaintiffs have not waived their opportunity to address these arguments, the Court agrees with Defendants that it should apply the Fourteenth Amendment to Plaintiffs' denial of medical care claims given the prior Sixth Circuit published decisions. The jury instructions will so reflect.

Moreover, the parties are **ON NOTICE** that they should be prepared to address **WITH CITATIONS TO AUTHORITY** whether the evidence could support both a claim that Defendants each failed to provide medical care and a claim each failed to intervene in the denial of medical care as alleged in Plaintiffs' theory in the parties' Joint Final Pretrial Order. In other words, is Plaintiffs' claim that each Defendant failed to provide medical care to Mr. Pryor cognizable with a claim that each Defendant failed to intervene in the denial of medical care to Mr. Pryor?

SO ORDERED.

ENTER:            s/ *Susan K. Lee*
                          SUSAN K. LEE
                          UNITED STATES MAGISTRATE JUDGE